[Cite as *Moore v. London Corr. Inst.*, 2011-Ohio-7020.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHNNY L. MOORE

     Plaintiff

     v.

LONDON CORRECTIONAL INSTITUTION

     Defendant

Case No. 2011-09021-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶ 1} Plaintiff, Johnny Moore, an inmate incarcerated at defendant, London Correctional Institution (LoCI), alleged that several items of his personal property were stolen from his cell housing unit on January 8, 2011, at a time when he was away from the unit. Plaintiff further alleged that the "officer in fact was negligent by not doing security rounds." Plaintiff recalled that he left the cell at approximately 5:25 p.m. to report to the chow hall. Plaintiff related that when he returned to his bed area he noticed that his footlocker had been broken into and several property items had been stolen. Plaintiff insisted that his footlocker had been secured with a combination lock before he left and that when he returned the lock was broken. According to plaintiff, Sergeant Hudson reviewed the cameras but he was unable to identify the inmate who stole plaintiff's belongings.

{¶ 2}   Plaintiff stated that the stolen property included the following: one Sony Walkman CD player, one pair of Koss headphones, and one Pac-man game.  Plaintiff maintained that his property was stolen as a proximate result of negligence on the part of LoCI staff in failing to adequately protect the property from theft attempts.  Plaintiff filed this complaint seeking to recover $128.12, the stated replacement cost of his alleged stolen property.  Payment of the filing fee was waived.

{¶ 3}   Defendant denied any liability in this matter contending that plaintiff failed to offer any evidence to prove that his property was stolen as a proximate result of any negligent conduct on the part of defendant.  Defendant denied ever exercising control over any of the alleged stolen property items.  Defendant argued that no evidence has been offered to establish that plaintiff suffered property loss as a result of any act or omission attributable to LoCI personnel.

{¶ 4}   Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶ 5}   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6}   Although not strictly responsible  for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7}   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8}   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 9}   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that

defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,¶ 8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton,* 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶ 41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521;

{¶ 11} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 12} Defendant is not responsible for thefts committed by inmates unless an agency relationship  is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD.  However, in the instant claim, plaintiff has failed to prove defendant was negligent or that officers  failed to perform security rounds in the housing unit. Therefore, no liability shall attach to defendant as a result of any theft based on this contention.

{¶ 13} The fact that defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 14} Defendant is not required to take extraordinary measures to provide inmates means to secure their property.  *Andrews v. Allen Correctional Inst.,* Ct. of Cl. No. 2008-09732-AD, 2009-Ohio-4268.

{¶ 15} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 16} Moreover, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had

no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.

{¶ 17} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was  negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 18} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶ 19} In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182.  Accordingly, to the extent that plaintiff alleges that LoCI staff somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.  See *Sharp v. Dept of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.  Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHNNY L. MOORE

    Plaintiff

    v.

LONDON CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-09021-AD

Deputy Clerk Daniel R. Borchert

### ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Johnny L. Moore, #A615-265
P.O. Box 69
1580 State Rt. 56
London, Ohio 43140

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

10/12
Filed 10/25/11
Sent to S.C. reporter 3/13/12